# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Verdell Evans, Jr., ) | Criminal No. 6:02-00612-MBS-1 |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court pursuant to pro se motions by Verdell Evans, Jr. ("Movant" or "Evans") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 that were filed on January 24, 2011 (the "January motion to vacate") and August 30, 2012 (the "August motion to vacate"). (ECF Nos. 110, 124.) The United States of America ("Respondent") opposes the January motion to vacate and the August motion to vacate and further moves the court to dismiss the matter. (ECF Nos. 113, 128.) For the reasons set forth below, the court denies Movant's motions to vacate and grants Respondent's motions to dismiss.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Movant is a federal prisoner currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. (ECF No. 133 at 11.) In the instant matter, Movant was named in a 1-count indictment on September 25, 2002, charging him with ("Count 1") possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 9.) On October 10, 2002, Movant entered an initial plea of not guilty to Count 1 in the indictment. (ECF No. 12.) On November 21, 2002, Respondent filed an information to communicate to Defendant that he was subject to increased penalties under 21 U.S.C. § 851

based on 1 prior drug conviction for possession of cocaine with intent to distribute.  (ECF No. 25.)

Thereafter, a jury trial was held on January 8 and January 9, 2003.  (ECF No. 39.)  On January 9, 2003, the court declared a mistrial.  (Id. at 2.)  A second trial was held on April 22, 2003, and the jury found Defendant guilty as to Count 1 in the indictment.  (ECF No. 66.)  On August 6, 2003, the court sentenced Movant as a career offender under the United States Sentencing Commission, Guidelines Manual ("U.S.S.G."), § 4B1.1 to a term of 360 months imprisonment in the Bureau of Prisons.  (ECF No. 73.)  Judgment was entered on August 15, 2003.  (Id.)  Movant appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit (the "Fourth Circuit") on August 22, 2003.  (ECF No. 74.)  On May 3, 2004, the Fourth Circuit affirmed Movant's conviction and sentence.  (ECF No. 83.)

On August 19, 2005, Movant filed a motion to vacate his sentence, asserting as grounds for relief ineffective assistance of counsel and error by the court regarding his designation as a career offender.  (ECF No. 1 (Evans v. United States, C/A No. 6:05-2406-MBS (D.S.C. Aug. 19, 2005)).)  Respondent filed opposition to Movant's motion to vacate and a motion for summary judgment on December 14, 2006.  (ECF Nos. 13, 14 (Evans v. United States, C/A No. 6:05-2406-MBS (D.S.C. Aug. 19, 2005)).)  Movant filed a reply in support of his motion to vacate on January 5, 2007.  (ECF No. 16 (Evans v. United States, C/A No. 6:05-2406-MBS (D.S.C. Aug. 19, 2005)).)  On July 18, 2008, the court granted Respondent's motion for summary judgment and denied Movant's motion to vacate.  (ECF Nos. 20, 21 (Evans v. United States, C/A No. 6:05-2406-MBS (D.S.C. Aug. 19, 2005)).)  Movant appealed the denial of his motion to vacate to the Fourth Circuit on August 6, 2008.  (ECF No. 23 (Evans v. United States, C/A No. 6:05-

2406-MBS (D.S.C. Aug. 19, 2005)).)  The Fourth Circuit denied a certificate of appealability to Movant and dismissed his appeal on December 1, 2008.  (ECF No. 103.)  The Fourth Circuit denied Movant's petition for rehearing and rehearing en banc on April 28, 2009, and entered its mandate on May 6, 2009.  (ECF No. 108; ECF No. 29 (Evans v. United States, C/A No. 6:05-2406-MBS (D.S.C. Aug. 19, 2005)).)

On July 10, 2008, Movant filed a document captioned "Petitioner's Objection/Request for Reconsideration for the Following" that the court construed as a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582.  (ECF No. 88.)  The court denied Movant's § 3582 motion on July 17, 2008, finding that he was sentenced as a career offender and, therefore, any amendments to the cocaine base sentencing guidelines would not be applicable to his sentence. (ECF No. 89.)  After the court denied his § 3582 motion, Movant moved the Fourth Circuit for a motion for certificate of appealability on September 9, 2008, and then filed a notice of appeal on September 24, 2008.  (ECF Nos. 92, 93.)  The Fourth Circuit dismissed Movant's appeal on December 2, 2008.  (ECF No. 104.)  The Fourth Circuit entered its mandate on December 24, 2008.  (ECF No. 107.)

On January 24, 2011, Movant filed the January motion to vacate, asserting as his ground for relief that his designation as a career offender under U.S.S.G. § 4B1.1 should be revoked based on United States v. Alston, 611 F.3d 219 (4th Cir. 2010).[1]  (ECF No. 110.)  Respondent filed opposition to Movant's January motion to vacate and a motion to dismiss on February 9, 2011.  (ECF Nos. 113, 114.)  Movant filed a reply in support of his January motion to vacate on

---

[1] In Alston, the Fourth Circuit held that the Government may not rely on proffered facts from an Alford guilty plea when establishing under the modified categorical approach that a prior conviction was a violent felony.  Alston, 611 F.3d at 228.

April 8, 2011.  (ECF No. 122.)  On August 30, 2012, Movant filed the August motion to vacate, asserting that he is entitled to relief based on DePierre v. United States, 564 U.S. ___, 131 S. Ct. 2225 (2011).[2]  (ECF No. 124.)  Respondent filed opposition to Movant's August motion to vacate and a motion to dismiss on August 31, 2012.  (ECF Nos. 127, 128.)  Movant filed a reply in support of his August motion to vacate on September 28, 2012.  (ECF No. 133.)

The court has reviewed the record and finds that the motions of Movant and Respondent are suitable for disposition without evidentiary hearing or oral argument.

## II.  LEGAL STANDARD

A.  Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255.  To receive relief under 28 U.S.C. § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).  If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner

---

[2] In DePierre, the prisoner argued that "cocaine base" only meant "crack cocaine," and that because his trial court refused to so instruct his jury, he was improperly convicted and sentenced under 21 U.S.C. § 841(b)(1).  The Supreme Court disagreed, holding that Congress' use of the term "cocaine base" in § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form.  DePierre, 131 S. Ct. at 2231–32.

4

is entitled to no relief," the court may summarily deny the petition without holding a hearing. Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

*1.     Procedural Default*

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)).

*2.     Statute of Limitations*

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), amended § 2255 and imposed a one-year statute of limitations period for the filing of any motion under the section. 28 U.S.C. § 2255(f). Accordingly, the one-year period of limitation begins to run at the latest of the following four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id.

The one-year limitations period in § 2255 may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

3.   *Restrictions Imposed on Successive Motions to Vacate*

AEDPA also restricts second or successive motions to vacate. Specifically, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). "A second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In this regard, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing Section 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, . . . .").

B.      Liberal Construction of Pro Se Claims

The court is required to construe pro se pleadings liberally. See, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.  ANALYSIS

A.      The Arguments of the Parties

   1.   *The January Motion to Vacate*

In the January motion to vacate, Movant argues that the court has jurisdiction to review his motion because it is neither successive nor untimely since it was filed within 1 year of the triggering dates enumerated in 28 U.S.C. §§ 2255(f)(2) and (4). (ECF No. 110 at 1-2.) Movant further argues that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1[3]

---

[3] Under § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the

7

using a prior felony conviction for assault and battery of a high and aggravated nature ("ABHAN") that did not qualify as a crime of violence.[4]  In support of arguments for the January motion to vacate, Movant asserts that his ABHAN conviction was not a crime of violence under the "categorical approach" referenced by the Supreme Court in Begay v. United States, 553 U.S. 137, 142-43 (2008).  (Id. at 4-5.)  Movant further asserts that his ABHAN conviction was not a crime of violence because it was based on an Alford[5] plea wherein he failed to admit to the underlying facts of the charge.  (Id. at 6.)  In this regard, Movant asserts that the Fourth Circuit in United States v. Alston, 611 F.3d 219 (4th Cir. 2010), recognized that Respondent cannot rely on facts from an Alford plea to qualify a prior felony conviction as a crime of violence.  (Id. at 2.)  Based on the foregoing, Movant requests that the court grant his January motion to vacate.

Respondent opposes the January motion to vacate and moves for its dismissal, arguing that it is untimely and successive.  Respondent asserts that the January motion to vacate is untimely because (1) it was filed "more than six years after his [Movant's] conviction and sentence became final, . . ." and (2) the triggering date in § 2255(f)(2) is inapplicable because

---

defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

[4] The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).

[5] When a defendant enters an Alford plea, he waives trial and accepts punishment without admitting guilt in the acts constituting the crime.  North Carolina v. Alford, 400 U.S. 25, 32-33 (1970) ("[A] guilty plea can be accepted when it is accompanied by protestations of innocence and hence contains only a waiver of trial but no admission of guilt.")

Movant failed to present any evidence to substantiate the allegation that Respondent engaged in conduct that prevented Movant from raising the arguments made in Alston (ECF No. 114 at 3.) Respondent further asserts that the January motion to vacate is not timely pursuant to § 2255(f)(4) because Alston is a legal decision and, therefore, is unable to be used as a "new fact" for "purposes of restarting the time limitation for filing habeas petitions." (Id. at 4.)

Respondent also argues that the January motion to vacate should be denied because it is a second or successive motion and Movant did not obtain certification from the Fourth Circuit before filing it. (ECF No. 114 at 4 (citing 28 U.S.C. § 2255(h)).) In support of this argument, Respondent points out that Movant "has previously sought relief under Section 2255 [and] also appealed the denial of such relief to the Fourth Circuit Court of Appeals." (Id.) In this regard, the January motion to vacate is Movant's second such motion and he is required to, but has not obtained certification from the Fourth Circuit before seeking review by this court. (Id. at 5.) Therefore, the January motion to vacate should be denied.

In response to Respondent's arguments, Movant asserts that the court should consider the January motion to vacate because (1) it was timely filed under 28 U.S.C. §§ 2255(f)(2) and (4); and (2) he has moved the Fourth Circuit for an order authorizing consideration of any second or successive motion to vacate. (ECF No. 122 at 1-2.) Based on the foregoing, Movant reasserts that he is entitled to relief from his designation as a career offender based on Alston. (Id. at 1.)

2.      *The August Motion to Vacate*

In the August motion to vacate, Movant argues that the court has jurisdiction to review his motion because it was filed within 1 year of the triggering date enumerated in 28 U.S.C. § 2255(f)(3). (ECF No. 124 at 2.) Movant further argues that his August motion to vacate should

be granted based on the following grounds:

> a. No Grand Jury indictment as to the provision of section 841(b); b. The indictment only alleged the unlawful act of 841(a)(1); c. The indictment alleged cocaine base "crack", but did not stipulate the penalty provisions for the crime committed (i.e., 841(b)(1)(B)); d. The Jury was not instructed to determine the nature and amount of the controlled substance involved in the offense, (i.e., no special verdict form) and Petitioner was sentenced for cocaine base (crack); e. No Jury findings as to the substance (i.e., cocaine base, crack cocaine, free base or 841(b)(1)(B); f.  The Government failed to establish scientific identification of the relevant substance (i.e., cocaine base or crack cocaine); and g. The District Court enhanced the conviction without the penalty provisions of 841(b)(iii).

(Id. at 1.)  In support of arguments for the August motion to vacate, Movant asserts that he is entitled to relief because DePierre created a new, retroactively applicable rule requiring Respondent to "establish the scientific identification of the substance (i.e., [c]ocaine base, free base, or crack cocaine) to support a conviction and sentence under the provisions [of §] 841(b)(1)[A](iii)."  (Id. at 2.)  As a result of DePierre, Movant asserts that the court was prohibited from enhancing his sentence without making a finding of the "specified amount of cocaine base or crack cocaine [that] is charged in the indictment and proved beyond a reasonable doubt."  (Id. at 4.)  Accordingly, the court should vacate his sentence and order his immediate release.  (Id. at 5.)

Respondent opposes the August motion to vacate and moves for its dismissal, arguing that it is untimely and successive.  (ECF No. 127 at 1.)  Respondent asserts that the August motion to vacate is untimely since the triggering date in § 2255(f)(3) is inapplicable because DePierre "has not been made retroactively applicable to cases on collateral attack so it did not restart Petitioner's statute of limitations clock."  (Id. at 3.)  Respondent further asserts that the August motion to vacate is successive because Movant "has previously sought relief under Section 2255" and Movant's January motion to vacate is presently pending before the court.  (Id.

at 4.) Moreover, Movant has not obtained certification from the Fourth Circuit to file a successive motion to vacate. (Id.)

In response to Respondent's motion to dismiss, Movant argues that the August motion to vacate is timely pursuant to § 2255(f)(3) because it was filed within 1 year of DePierre. More specifically, Movant points out that DePierre was decided on June 9, 2011 and then argues that the August motion to vacate was timely "filed" under the prison mailbox rule[6] "at the moment [on May 30, 2012] he delivered it to the warden for forwarding to the clerk of district court." (ECF No. 133 at 2 (referring to ECF No. 133-2).) Movant further argues that the August motion to vacate is not a second or successive motion requiring certification by the Fourth Circuit because DePierre announced a new rule that creates a new substantive right and "applies retroactively to cases on collateral review." (Id. at 3-5.) In this regard, Movant asserts that he was indicted for possession of cocaine base in violation of § 841(a)(1), but not for either possession of cocaine base under § 841(b)(1)(A)(iii) or possession of "crack" cocaine under the U.S.S.G. (Id. at 6-7, 9.) Movant further asserts that DePierre distinguishes the statutory definition of cocaine base from the U.S.S.G.'s definition of "crack" cocaine. (Id.) Therefore, Movant argues that the court violated his constitutional rights by sentencing him as a career offender to a 360-month sentence under the U.S.S.G. when the maximum statutory sentence the court could have imposed was 60 months. (Id.) Accordingly, Movant asks the court to release him from his sentence since he has already incarcerated for more than 5 years. (Id. at 10.)

---

[6] The prison mailbox rule, established in Houston v. Lack, 487 U.S. 266 (1988), entitles a petitioner to a presumption of filing on the date he delivers his pleading to prison authorities for forwarding to the district court.

11

B.  The Court's Review

Upon review, the court finds that the claims raised in the January motion to vacate and the August motion to vacate are successive. Respondent is correct that before this court can consider successive motions to vacate, Movant must receive certification from the Fourth Circuit. See 28 U.S.C. §§ 2244(a) & (b)(3), § 2255(h). Moreover, the requirement of filing a motion in the court of appeals for permission and securing permission to file a second or successive motion to vacate is jurisdictional. See, e.g., United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") Thus, because Movant has not shown that he has obtained leave from the Fourth Circuit to file successive motions to vacate, the court lacks jurisdiction to consider either the January motion to vacate or the August motion to vacate. Accordingly, Respondent is entitled to dismissal of the January motion to vacate and the August motion to vacate.

## IV.   CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court is of the opinion that Movant Verdell Evans, Jr.'s motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 should be and are hereby **DENIED**. (ECF Nos. 110, 124.) The motions to dismiss of the United States of America are hereby **GRANTED**, and this matter is dismissed without prejudice. (ECF No. 113, 128.)

## V.   CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this

standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  In this matter, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.

                              s/Margaret B. Seymour
                              MARGARET B. SEYMOUR
                              SENIOR UNITED STATES DISTRICT JUDGE

July 1, 2013
Columbia, South Carolina