IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Verdell Evans, ) | Cr. No. 6:02-00612 |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      Movant Verdell Evans is a federal prisoner currently incarcerated at FCI-Allendale Medium in White Deer, Pennsylvania. On November 18, 2014, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. ECF No. 141. Respondent United States of America filed a motion to dismiss on November 20, 2014. By order also filed November 20, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed an affidavit on December 19, 2014. On February 17, 2015, Movant filed a motion for leave to file supplemental exhibits. Movant's motion for leave to file supplemental exhibits (ECF No. 149) is **granted**. The court has considered the entire docket in reviewing Movant's § 2255 motion.

      Among other things, Respondent argues that the court lacks jurisdiction to rule on Movant's § 2255 motion because the motion is successive and Movant has not obtained permission from the Court of Appeals for the Fourth Circuit to proceed with a successive § 2255 motion. The court agrees.

      Pursuant to 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been

determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In this regard, § 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Rule 9, Rules Governing Section 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").

Movant filed his first § 2255 motion on August 19, 2005, asserting as grounds for relief ineffective assistance of counsel and error by the court regarding his designation as a career offender. See Evans v. United States, C/A No. 6:05-2406-MBS. On July 18, 2008, the court granted summary judgment in favor of Respondent and denied Movant's motion to vacate.

On January 24, 2011, Movant filed a second § 2255 motion, asserting as his ground for relief that his designation as a career offender under U.S.S.G. § 4B1.1 should be revoked based on United States v. Alston, 611 F.3d 219 (4th Cir. 2010). ECF No. 110. On August 30, 2012, Movant filed a third § 2255 motion to vacate, asserting that he was entitled to relief based on DePierre v. United States, 131 S. Ct. 2225 (2011). ECF No. 124. On July 1, 2013, the court issued an order dismissing the second and third § 2255 motions on the grounds that the motions were successive.

In his fourth § 2255 motion, Movant again asserts that the court erred in sentencing Movant as a career offender. However, as the court ruled previously, Movant must receive certification from the Fourth Circuit before this court can consider his successive motion to vacate. See 28 U.S.C. §§ 2244(a) & (b)(3), § 2255(h). The requirement of filing a motion in the court of appeals for permission and securing permission to file a second or successive motion to vacate is jurisdictional. See, e.g., United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Because Movant has not shown that he has obtained leave from the Fourth Circuit to file a successive § 2255 motion, the court lacks jurisdiction to consider Movant's November 18, 2014, motion. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 141) is **denied**. For the reasons stated, Respondent's motion to dismiss (ECF No. 144) is **granted**, and this matter is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **denies** a

certificate of appealability.

    **IT IS SO ORDERED**.


                              /s/ Margaret B. Seymour
                              Senior United States District Judge

Columbia, South Carolina

May 19, 2015